McQUINN *v.* RUNNING.

DEEDS—CANCELLATION OF INSTRUMENTS—UNDUE INFLUENCE—EVI-
DENCE—SUFFICIENCY.

> Allegations in a bill to set aside a deed and for an account-
> ing for personal property given to defendants in consid-
> eration of their furnishing to plaintiff, who was 68 years
> old, alone in the world, sick and unable to help himself,
> his board, clothing, medical attendance, etc., for life, on
> the ground that same were obtained by duress, undue
> influence, etc., *held*, not supported by a preponderance
> of the testimony.

Appeal from Lapeer; Williams (William B.), J. Submitted October 30, 1919. (Docket No. 74.) Decided December 2, 1919.

Bill by Archie Wilson against James Running and another to set aside a deed, and for an accounting. There was a decree dismissing the bill. Pending an appeal, plaintiff died and William McQuinn was appointed administrator, and perfected the appeal. Affirmed.

*Herbert W. Smith,* for plaintiff.

*Theo. D. Halpin,* for defendants.

MOORE, J. The bill of complaint in this case is filed for the purpose of setting aside a deed given by Archie Wilson on June 1, 1916, to the defendants, of 30 acres of land. The bill also asks that personal property may be restored to the said Archie Wilson, and that an accounting may be had for such personal property as has been disposed of by the defendants. Mr. Wilson was 68 years of age and was the owner of 30 acres of land upon which he had lived alone for a number

of years. This deed and transfer of personal property is claimed by the plaintiff to have been obtained by the defendants by duress, undue influence, misrepresentation and by taking advantage of him while he was sick in bed, in a weakened condition and unable to realize what he was doing. The defendants denied the averments of the bill. The case was tried in open court and a decree was entered dismissing the bill of complaint. Pending an appeal to this court Mr. Wilson died. An administrator was appointed. The death of plaintiff was suggested of record. The case is brought here by appeal. Plaintiff at the time the deed was made was 68 years old, and had never married. He had no relatives. He was found by one of his neighbors alone in his house, and sick; he was not able to care for himself, and there was no person living who was under any obligation to take him in and care for him. This neighbor, Mr. Bearinger, at his request, sent for the defendants, who at his request took him to their home and gave him care and furnished him with a doctor. The property mentioned in the bill of complaint was worth $700 to $1,000.

The decisive questions in this case are questions of fact. The plaintiff was the only witness in his own behalf. The defendants produced five witnesses besides themselves. Among them was the neighbor who discovered Mr. Wilson when he was sick, the doctor who attended him, and the scrivener who for many years had been register of deeds for Lapeer county, who drew the papers and before whom they were executed. In the life lease was the following:

"And said first parties agree to furnish him board and clothing, and in sickness, medical attendance, and support and maintain him during his natural life, and at his death furnish him a proper burial."

Mr. Wilson was contradicted by each of the witnesses for defendant, upon some essential point. It

would profit no one to recite the testimony in detail. It decidedly preponderates in favor of the claim of the defendants.

The decree is affirmed, with costs to defendants.

BIRD, C. J., and SHARPE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.